# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

|  |  |
|---|---|
| MICHELLE POISSON,<br><br>            Plaintiff,<br>v.<br><br>CHASE BANK USA, N.A.,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. §227<br>2. FCCPA, Fla. Stat. §559.55 *et seq.*<br>3. Invasion of Privacy - Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Michelle Poisson ("Michelle"), by and through her attorneys, alleges the following against Chase Bank USA, N.A. ("Chase"):

## INTRODUCTION

1. Count I of Michelle's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Michelle's Complaint is based upon the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.* The FCCPA is a

Florida statute that regulates the collection of debts within the state by debt collectors and original creditors. The FCCPA provides relief additional to the TCPA.

3. Count III of Michelle's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1332, 1367 and 47 U.S.C. §227.

5. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Michelle is a citizen of Florida, and Chase is a citizen of Delaware.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

8. Michelle is a natural person residing in Hernando County, Florida.

9. Chase is a creditor and a "debt collector" as contemplated by Fla. Stat.

§559.55(7), and a National Association with its registered agent c/o The Corporation Trust Company located at 1209 North Orange Street, Wilmington, Delaware 19801.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. Chase is attempting to collect an alleged debt from Michelle. The alleged debt arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

12. In or around July 2019 Chase began contacting Michelle on her cellular phone ending in (***) ***-0203.

13. On or around July 30, 2019, at approximately 9:04 p.m., Michelle called Chase. Michelle completed the identification procedure employed by Chase and spoke with a representative that identified himself as Joe.

14. During that call, Michelle explained that she did not have money to pay Chase because her air conditioning and truck both needed to be repaired.

15. During that phone call, Michelle unequivocally revoked consent to be called on her cellular phone.

16. Michelle also instructed Chase to only communicate with her by mail.

17. Michelle's phone bill shows the call lasted for about three minutes.

18. On or around July 31, 2019, at approximately 4:10 p.m., Michelle called Chase for a second time.

19. Michelle properly identified herself, revoked consent to be called and instructed Chase to only contact her in writing.

20. Michelle's phone bill shows the call lasted for about one minute.

21. Despite contacting Chase twice and asking to not be called, Chase called Michelle's cellular phone two times the very next day.

22. In the following months, Chase continued to ignore Michelle's requests and placed repetitive and harassing calls to her cellular phone in an attempt to collect the alleged debt.

23. Between August 1, 2019, and November 23, 2019, Chase called Michelle no less than **ONE HUNDRED AND TWENTY FIVE** (125) times without her consent.

24. The calls originated from the following numbers: (210) 520-6400, (402) 220-4822, (847) 426-8085, and (847) 426-9138.

25. Upon information and belief, these numbers are owned or operated by Chase.

26. Chase called Michelle over 125 times in a 85-day period.

27. Chase called Michelle at all times of the day.

28. Chase called Michelle several times a day, as many as five times a day.

29. Chase frequently called Michelle during the weekend, many times more than once a day.

30. Chase called Michelle several times on Columbus day 2019.

31. Chase called Michelle from several different numbers, making it difficult to identify when Chase was calling her.

32. When Michelle answered Chase's calls, she would hear an unusually long delay or a series of clicks or tones before a representative would begin speaking, consistent with the use of an ATDS.

33. On at least twelve (12) occasions, Chase called Michelle and delivered artificial and/or prerecorded voice messages.

34. Chase is familiar with the TCPA and the FCCPA.

35. On July 24, 2019, the U.S. House of Representatives passed H.R. 3375 which said debt collectors can violate the TCPA by using systems that call consumers from a stored list. Additionally, H.R. 3375 said a consumer, like Michelle, may revoke consent to be called at any time even if they gave consent to be called in an earlier contract.

36. Chase's conduct was not only willful but was done with the intention of causing Michelle such distress, so as to induce her to pay the debt.

37. The frequency and methodology of Chase's calls could reasonably be

expected to harass Michelle.

38. Each and every one of Chase's telephone calls distracted Michelle and temporarily tied up her telephone line.

39. Chase's intrusion upon Michelle's seclusion was highly offensive to the reasonable person.

40. Chase's intrusion upon Michelle's seclusion was oppressive and outrageous, and exceeded reasonable collection efforts.

41. Each and every one of Chase's telephone calls caused Michelle anxiety, annoyance and embarrassment. Additionally, each and every time her phone rang, the people around Michelle learned she was getting constant phone calls that caused her noticeable anxiety, annoyance and embarrassment.

42. Michelle works in customer care and cannot be disrupted by calls to her cellular phone. Still, Michelle would leave her telephone on in case of an emergency call from her family. Several times, Chase called Michelle so many times in a given day, that Michelle had to turn off her telephone for fear she would get fired for receiving constant telephone calls while at work.

43. Between September 30 and October 6, 2019, Michelle was accompanying her husband who was hospitalized. During that time, Chase's calls were particularly harmful and stressful.

44. As a result of Chase's conduct, Michelle has sustained actual damages

including, but not limited to embarrassment, anxiety, emotional pain, anguish, sleepless nights, and headaches.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

45. Michelle incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. Chase violated the TCPA. Chase's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Chase violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

   b. Within four years prior to the filing of this action, on multiple occasions Chase willfully and/or knowingly called Michelle's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing

system and, as such, Chase knowingly and/or willfully violated the TCPA.

47. Michelle is entitled to five hundred dollars ($500.00) in statutory damages for each and every call Chase made in violation of the TCPA. 47 U.S.C. §227(b)(3)(B). However, if the Court finds that Chase's calls knowingly and/or willfully violated the TCPA, Michelle is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

## COUNT II

### Violations of the FCCPA, Fla. Stat. §559.55 *et seq*.

48. Michelle incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. Chase violated §559.72 of the FCCPA. Section 559.72 provides in relevant part: "In collecting consumer debts, no person shall: . . . (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

50. Chase willfully called Michelle with such frequency and methodology as can reasonably be expected to abuse and harass Michelle.

51. As a result of Chase's violations of Fla. Stat. §559.72, Michelle is entitled to an award of actual damages. Additionally, Michelle is entitled to one thousand dollars ($1,000) in statutory damages for each and every violation, pursuant to Fla. Stat. §559.77(2). The Court may award additional statutory damages after considering the nature of Chase's noncompliance, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional. §559.72. Furthermore, the FCCPA expressly authorizes the Court to award Michelle punitive damages. Fla. Stat. §559.77(2).

## COUNT III

### Chase's Invasion of Michelle's Privacy

52. Michelle incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

53. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

54. Chase violated Michelle's privacy. Chase's violations include, but are not limited to, the following:

    a. Chase intentionally intruded, physically or otherwise, upon Michelle's solitude and seclusion by engaging in harassing phone calls in an attempt

    to collect on an alleged debt despite having unequivocally revoked consent to be called twice.

b. The number and frequency of the telephone calls Chase made to Michelle's cellular phone constitute an intrusion on her privacy and solitude.

c. Chase's conduct would be highly offensive to a reasonable person as Michelle received calls that caused distraction and temporary loss of use of her telephone line, anxiety, annoyance and embarrassment.

d. Chase's acts, as described above, were done intentionally with the purpose of abusing and harassing Michelle to pay the alleged debt.

e. Chase's conduct constitutes abuse and harassment, and exceeded reasonable collection efforts.

55.    As a result of Chase's violations of Michelle's privacy, Chase is liable to Michelle for actual damages. If the Court finds that the conduct is found to be egregious, Michelle may also recover punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Michelle hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michelle Poisson respectfully requests judgment be

entered against Chase for the following:

 A. Declaratory judgment that Chase violated the TCPA and the FCCPA;

 B. Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B), (C);

 C. Actual, statutory and punitive damages pursuant to Fla. Stat. §559.77(2).

 D. Actual and punitive damages for intrusion upon Michelle's seclusion;

 E. Attorneys' fees and court costs pursuant to Fla. Stat. §559.77(2);

 F. Awarding Michelle any pre-judgment and post-judgment interest as may be allowed under the law; and

 G. Any other relief that this Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: February 12, 2020

By: /s/ *Santiago J. Teran*
Santiago J. Teran
FL #1018985
PRICE LAW GROUP, APC
1001 N Federal Hwy, Ste 349
Hallandale, FL 33009
T: (818) 600-5586
F: (818) 600-5486
E: santiago@pricelawgroup.com

*Attorneys for Plaintiff,*
*Michelle Poisson*